1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo, SBN 144074
2  21800 Burbank Blvd., Suite 310
   Woodland Hills, California 91367
3  dalekgalipo@yahoo.com
   Telephone:  (818) 347-3333
4  Facsimile:  (818) 347-4118
5  dalekgalipo@yahoo.com

6  LAW OFFICES OF VICKI I. SARMIENTO
   A Professional Corporation
7  VICKI I. SARMIENTO, SBN 134047
   333 N. Garfield Avenue
8  Alhambra, California  91801
   vsarmiento@vis-law.com
9  Telephone:  (626) 308-1171
   Facsimile:   (626) 308-1101
10

11 Attorneys for Plaintiff ROBERT BARRON

12

13

14              UNITED STATES DISTRICT COURT

15             EASTERN DISTRICT OF CALIFORNIA

16

17

18 ROBERT BARRON,

19              Plaintiff,              CASE NO.:

20       vs.                           **COMPLAINT FOR DAMAGES**

21

22 CITY OF REDDING; BRANDON
   LARGENT; CHIEF ROBERT F.
23 PAOLETTI, and DOES 1to10,           [DEMAND FOR JURY TRIAL]

24              Defendants

25

26

27

28

                              1
                       COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff ROBERT BARRON, and alleges as follows:

## VENUE AND JURISDICTION

1.      Venue is proper in this district because the underlying act, omissions, injuries and related facts and circumstances giving rise to the present action occurred in this District.

2.      This Court has jurisdiction over Plaintiff's federal claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. §§1331 and 1343.  Plaintiff ROBERT BARRON further invokes the Court's supplemental jurisdiction over his state law claims based on 28 U.S.C. § 1367.

## PARTIES

3.      Plaintiff ROBERT BARRON brings this action for violations of his constitutional rights under the Fourth and Fourteenth Amendment.  Plaintiff also brings claims under state law.

4.      At all times mentioned herein, Plaintiff resided in the City of Redding, County of Shasta, California.

5.      Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were and now are residents of the County of Shasta, State of California.

6.      Defendant CITY OF REDDING,  (hereinafter "CITY") is and was at all relevant times mentioned herein, a governmental entity duly organized and existing under the laws of the State of California.  The City of Redding Police Department (hereinafter "RPD") is an official subdivision of Defendant, and all officers employed by said department are employees of defendant.

7.      The RPD was at all times mentioned herein, engaged in owning, operating, maintaining, managing and doing business as Redding Police Department in the City of Redding, State of California.  All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through its authorized agents, servants and/or employees, and each of them, all of whom at all times were acting within the course, purpose and scope of said agency, service and/or employment capacity.  Moreover, Defendants and its agents ratified all of the acts complained of herein.

8.      The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who otherwise sues these Defendants by such fictitious names.  Each Defendant is sued individually and/or in his/her official capacity as defined in the present complaint. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

9.      All Defendants who are natural persons, and each of them, including DOES 1 through 10, are sued individually and/or in their official capacity as officers, sergeants, captains, commanders, supervisors and/or civilian employees, agents, policy makers, and representatives for the RPD, a department and subdivision of Defendant CITY, respectively.

10.      Defendant ROBERT F. PAOLETTI, (hereinafter "PAOLETTI") was at all relevant times herein the CHIEF of the RPD and he, along with other officials of CITY and DOES 1 to 4, at all times possessed the power and the authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the RPD and/or were supervisors of the Defendant-Officers.

11.      Defendant BRANDON LARGENT (hereafter "LARGENT"), and DOES 5 to 10, are officers, sergeants, lieutenants, who were at the time of committing the acts alleged hereinafter, duly authorized employees of Defendant CITY, who were acting within the course and scope of their respective duties and with the complete authority and ratification of Defendant CITY.  At all relevant times herein, said Defendants, and each of them, were acting under color of law, to wit: under the color of the statutes, ordinances, regulations, policies, customs and usages of Defendant CITY.

12.      At all times herein mentioned, all Defendants, named and unnamed, were and are duly appointed officers, agents, and/or employees of Defendant CITY.

13.     At all times herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, employment, and discipline of each and every Defendant named and unnamed in this complaint.

14.     In doing the acts and in failing or omitting to act as hereafter described, Defendants were acting with the implied and actual permission and consent of Defendant CITY.

15.     As a direct and proximate result of the actions of the Defendants, the Plaintiff suffered serious injuries and damages.

16.     Plaintiff ROBERT BARRON timely filed his governmental claim on October 10, 2013.  Said claim was rejected on November 6, 2013.

## FACTUAL ALLEGATIONS

17.     On April 11, 2013, ROBERT BARRON, was lawfully riding his bike on Mistletoe Lane near Larkspur in Redding, California when Officer LARGENT stopped him without legal justification and under the guise of a vehicle code violation.  Mr. BARRON is Native American and Officer LARGENT is Caucasian.

18.     During this unjustified detention, Officer LARGENT proceeded to knee Mr. BARRON in the groin which caused Mr. BARRON to drop to the ground. Thereafter, Officer LARGENT, who is over six feet tall and weighs in excess of 250 lbs, grabbed Mr. BARRON off the ground and threw him near a bush area.  In an effort

to avoid being further beaten, Mr. BARRON attempted to get away from Officer LARGENT.  Officer LARGENT tried to keep Mr. BARRON on the ground and they both rolled in the bush area.  Mr. BARRON managed to break free from Officer LARGENT, and attempted to run away to avoid being further beaten by him.  Mr. BARRON was shot in the back by Officer LARGENT as he attempted to get away from the violence inflicted on him.

19.     Officer LARGENT shot Mr. BARRON without warning.  After shooting Mr. BARRON, Officer LARGENT and DOES 5 to 10, delayed in getting medical care and failed to provide medical assistance to him for an unreasonable period of time.

20.     ROBERT BARRON was unarmed, and posed no threat of serious injury or death to Officer LARGENT when he was shot.  The use of deadly force by Officer LARGENT was unjustified under the circumstances.

21.     ROBERT BARRON sustained serious physical injuries from the gunshot wound, including but not limited to, a punctured lung, punctured kidney, two shattered ribs and the removal of part of his liver.

22.     ROBERT BARRON was caused grievous bodily harm by the actions and/or omissions of the Defendants.

///

///

///

# **FIRST CLAIM FOR RELIEF**

## **VIOLATIONS OF 42 U.S.C §1983**
### **(Fourth Amendment Violations)**

(Against Defendant LARGENT and DOES 5 to 10)

23.    Plaintiff hereby incorporates by reference paragraphs 1 through 22, as though fully set forth herein.

24.    This claim arises from the violation of Plaintiff's Fourth Amendment right and is brought pursuant to 42 U.S.C. §1983.

25.    Plaintiff's § 1983 claim against Defendant LARGENT is based upon the excessive force used against him when he was beaten and shot by Defendant LARGENT without legal justification.  At the time of the beating and shooting of Plaintiff, he was unarmed and did not pose a threat of serious bodily injury or death to Defendant LARGENT.

26.    Following the shooting of Plaintiff, Defendants LARGENT and DOES 5 to 10 failed to obtain prompt medical care for Plaintiff, thus aggravating his injuries and causing him further and unnecessary suffering.

27.    Plaintiff is informed and believes and thereon alleges that the aforementioned acts of Defendants LARGENT and DOES 5 to 10 were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of

punitive and exemplary damages against the individually named Defendants in an amount to be determined at time of trial.

28.    Plaintiff additionally seeks compensation for reasonable attorney's fees and costs under 42 U.S.C. §1988.

## SECOND CLAIM FOR RELIEF

## MUNICIPALITY LIABILITY FOR CONSTITUTIONAL VIOLATIONS

### (42 U.S.C. §1983 - Against Defendant CITY)

29.    Plaintiff hereby incorporates by reference paragraphs 1 through 28, as though fully set forth herein.

30.    This action is brought pursuant to 42 U.S.C. §1983, and the Fourteenth Amendment of the United States Constitution.

31.    On April 11, 2013, Defendant LARGENT violated Plaintiff's constitutional rights when he used excessive force against Plaintiff, including shooting him in the back, without legal justification.  The shooting caused Plaintiff to suffer serious and permanent physical impairment.

32.    At all times relevant herein Defendant LARGENT and DOES 1 to 10 were agents and employees of Defendant CITY in carrying out the acts alleged herein were acting under color of their authority as such, and under color of the statutes, regulations, customs, and usages of the CITY, pursuant to a set pattern, practice, and official policy of these entity Defendants.

33.    At the time of the unlawful shooting by Defendant LARGENT, and other unlawful conduct by DOES 1 to 10, Defendant CITY had in place, and had ratified, policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably use excessive force, with knowledge that these individuals would be left physically and/or mentally incapacitated.  Said policies, procedures, customs and practices also called for Defendant CITY not to discipline, prosecute or in any way take corrective or responsive action to known incidents and/or complaints of unjustified shootings which left individuals including ROBERT BARRON in an incapacitated state.

34.    Said policies, procedures, customs and practices called for the refusal of Defendant CITY to investigate or document complaints of previous incidents of unjustified use of force and denial of prompt medical care after the use of force and, instead, officially claim that such incidents were justified and proper.

35.    Defendant CITY'S policies, procedures, customs and practices of inaction and cover-up encouraged officers of RPD, including the Defendants named herein, to believe that the use of excessive use of force and denial of prompt medical care was permissible.

36.    Said policies, procedures, customs and practices of Defendant CITY evidenced a deliberate indifference to the violations of the constitutional rights of Plaintiff, and those similarly situated as Plaintiff.  This indifference was manifested by

the failure to change, correct, revoke, or rescind these policies, procedures, customs and practices in light of prior knowledge by Defendants and their policymakers of indistinguishably similar incidents of unjustified and unreasonable force, and denial of prompt medical care.

37.     Deliberate indifference to the civil rights of minority groups, Native Americans, and other victims of excessive force is also evidenced by Defendant CITY ignoring the history and pattern of prior civil lawsuits alleging civil rights violations and the related payment of judgments to such individuals for conduct similar to the conduct alleged herein.

38.     Prior to April 11, 2013, Defendant CITY had knowledge about the aforementioned alleged unlawful policies, procedures, customs and practices from prior citizen complaints, claims, and/or lawsuits including but not limited to:  *Deen v. City of Redding, et.al*, Case No. 2:13-CV-01569-KJM-CMK [complaint alleging the unjustified beating, tasing, and shooting of an unarmed young man by RPD officers, and claim of denial of prompt medical care following the use of excessive force].  Plaintiff believes in good faith that discovery will reveal other claims of excessive force by RPD officers, including Defendant LARGENT that placed Defendant CITY on notice of the pattern and practice of use of excessive force against civilians by RPD Officers.

39.     Defendant CITY maintained a system of grossly inadequate training pertaining to the use of force in detaining individuals and failing to train in the proper

use of force.  Defendant CITY also maintained a system of grossly inadequate training with respect to obtaining prompt medical care for individuals suffering from serious and obvious injuries related to the excessive force used against them.

40.    The foregoing acts, omissions, and systemic deficiencies are policies and customs of Defendant CITY which in turn caused the Defendants' officers to believe that the use of excessive force is permissible, and that use of force is a matter entirely within the discretion of the officers.

41.    As the result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices of Defendant CITY, Defendants LARGENT, and DOES 5 to 10, directly participated in the wrongful conduct alleged in this complaint and/or were integral participants of the wrongful conduct.

42.    As a direct and proximate result of the aforementioned policies, procedures, customs, and practices of Defendants RPD and CITY, Plaintiff was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

43.    As a direct and proximate result of the aforementioned policies, procedures, customs, and practices of Defendant CITY, Plaintiff suffered and continues to suffer intense anguish, distress and despair.

44.    By reason of the aforementioned acts and omissions of Defendant CITY

1  Plaintiff was required to retain counsel to institute and prosecute the within action, and

2  Plaintiff requests payment by Defendants of a reasonable sum as and for attorney's fees

3

4  pursuant to 42 U.S.C. §1988.

5  ### THIRD CLAIM FOR RELIEF

6  ### SUPERVISORIAL LIABILITY FOR CONSTITUIONAL VIOLATIONS

7  ### ARISING FROM THE USE OF EXCESSIVE FORCE (42 U.S.C. § 1983)

8

9  (Against Defendants CITY, PAOLETTI, and DOES 1 to 4)

10  45.    Plaintiff incorporates by reference paragraphs 1 through 44, as though fully

11  set forth herein.

12

13  46.    This cause of action is brought pursuant to 42 U.S.C. §1983 for violation

14  of Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S.

15

16  Constitution.

17  47.    Defendants CITY, PAOLETTI, as well as DOES 1 to 4, inclusive, failed to

18  adequately train, supervise, discipline or in any other way control Defendant

19

20  LARGENT, and DOES 5 to 10, inclusive, in the exercise of their duties as officers,

21  sergeants, commanders, and/or supervisors.

22

23  48.    Defendants CITY, PAOLETTI and DOES 1 to 4, knowingly and

24  deliberately fostered, maintained and condoned a policy, practice and custom or

25  otherwise acted in a manner that was deliberately indifferent to the lives and liberty of

26

27  persons such as ROBERT BARRON and that such policy, practice, custom and/or

28

12
COMPLAINT FOR DAMAGES

actions was the moving force of Plaintiff's injuries and damages.  The policy, practice, custom, and actions included, without limitation, knowingly and deliberately failing to properly train, discipline and supervise employees regarding detentions, arrests, and use of reasonable force.

49.    Moreover, Defendants PAOLETTI and DOES 1 to 4, learned and became aware of the excessive force used against Plaintiff ROBERT BARRON and ratified the misconduct by failing to discipline Officer LARGENT or take any corrective action to prevent future use of excessive force.    Defendants PAOLETTI and DOES 1 to 4, knew or should have known about the propensity for violence by RPD officers, including Defendant LARGENT, based on prior citizen complaints.

50.    Defendants PAOLETTI and DOES 1 to 4, through their custom and practice of encouraging, condoning, tolerating and ratifying constitutional violations by their subordinate officers, including Defendant LARGENT were deliberately indifferent to the constitutional violations being committed by their subordinates, including said subordinate Defendants.

51.    The aforementioned acts of the individual Defendants PAOLETTI and DOES 1 to 4, inclusive, were malicious, oppressive or reckless thereby justifying the awarding of exemplary and punitive damages as to these Defendants.

52.    Plaintiff seeks attorney's fees and costs under 42 U.S.C. §1988 under this claim for relief.

# FOURTH CLAIM FOR RELIEF

## NEGLIGENCE

(Against Defendants CITY, LARGENT, and DOES 5 to 10)

53.    Plaintiff hereby incorporates by reference paragraphs 1 through 52 of this complaint as though fully set forth herein.

54.    Defendant CITY is subject to liability pursuant to Cal. Gov't Code § 815.2(a), which provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."  The following Defendants are employees of Defendant CITY:  ROBERT F. PAOLETTI, Officer LARGENT, and DOES 1 to 10.  They are subject to liability pursuant to Cal. Gov't Code § 820. (a), which provides that "a public employee is liable for injury caused by his act or omission to the same extent as a private person."

55.    Plaintiff is informed and believes and thereon alleges that when Officer LARGENT, and DOES 5 to 10, came into contact with ROBERT BARRON, they assumed a duty of care towards Plaintiff, and were required to use reasonable care, lawful tactics, lawful force in detaining him and/or taking him into custody.  These Defendants were also under a duty to obtain prompt medical care for Mr. BARRON who was bleeding extensively and in obvious distress from his injuries.

56.     This claim arises from Defendants' breach of their duty owed to Plaintiff, by using inappropriate tactics in the attempted detention and/or arrest of the Plaintiff, the negligent use of force, the failure to obtain prompt medical care for the Plaintiff after the shooting, and their negligence in the entire encounter with the Plaintiff who did not pose a threat to Defendants' safety nor to the safety of others.

57.     OFFICER LARGENT engaged in pre-shooting negligence by the totality of his actions and/or omissions, including but not limited, not calling and/or waiting for a back-up unit to assist in Plaintiff's detention, prematurely resorting to the use of deadly force, and failing to give a warning to Plaintiff prior to shooting.

58.     As a direct and legal result of the acts and omissions of these Defendants, ROBERT BARRON suffered damages, including physical impairment, distress, pain and suffering, injury and other pecuniary damages in an amount to be proven at the time of trial.

## FIFTH CLAIM FOR RELIEF

### BATTERY

(Against Defendants CITY and LARGENT)

59.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 to 58, as though fully set forth herein.

60.     Defendant CITY is subject to liability pursuant to Cal. Gov't Code

§815.2(a), which provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." The following Defendants are employees of Defendant CITY:  OFFICER LARGENT and DOES 1 to 10.  Defendant CITY is subject to liability pursuant to Cal. Gov't Code § 820.(a), which provides that "a public employee is liable for injury caused by his act or omission to the same extent as a private person."

61.    Plaintiff asserts a claim of battery against Defendant LARGENT based upon the unlawful touching of his person which was the direct and legal cause of his permanent injuries and damages.  At all times during the unlawful touching of Plaintiff, Defendant LARGENT was acting within the course and scope of his employment with Defendant CITY.   Defendant CITY is thus vicariously liable for the acts of Defendant LARGENT who committed the battery upon Plaintiff.

62.    Plaintiff is informed and believes and thereon alleges that the aforementioned acts of Defendant LARGENT was willful, malicious, intentional, oppressive, reckless and/or was done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

63.    As a direct and legal cause of the acts and omissions of these Defendants,

Plaintiff ROBERT BARRON suffered damages, including distress, pain and suffering, and permanent injuries in a sum according to proof at the time of trial.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, jointly and severally as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. Exemplary damages, but only against each of the individual Defendant, according to proof;

4. Reasonable attorney's fees and cost of suit pursuant to 42 U.S.C. §1988;

5. For costs incurred herein, and for further relief as the Court may deem just and proper.

DATED:  May 5, 2014          LAW OFFICES OF VICKI I. SARMIENTO
                             LAW OFFICES OF DALE K. GALIPO


                             By: _____
                                 Vicki I. Sarmiento
                                 Attorneys for Plaintiff

17

COMPLAINT FOR DAMAGES

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all of the claims for relief set forth above.

DATED:  May 5, 2014            LAW OFFICES OF VICKI I. SARMIENTO
                               LAW OFFICES DALE K. GALIPO

By: _____
       Vicki I. Sarmiento
       Attorneys for Plaintiff

COMPLAINT FOR DAMAGES