IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BARON, | No. 2:14-CV-1107-MCE-CMK |
| Plaintiff, | |
| vs. | ORDER |
| CITY OF REDDING, et al., | |
| Defendants. | |
| _____/ | |

　　　　　Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the court is defendants' motion to compel (Doc. 22).

　　　　　On May 11, 2015, plaintiff served verified responses to defendants' special interrogatory no. 14, which asked:

> Within 24 hours before the INCIDENT did you. . .use or take any of the following substances: alcoholic beverages, marijuana, or other drug or medication of any kind (prescription or not)?

Plaintiff responded:

> Objection.  This interrogatory is vague, ambiguous, and overbroad.  Subject to, and without waiving objections, Plaintiff responded as follows: No."

On June 26, 2015, defendants' counsel took plaintiff's deposition at which time plaintiff refused

1

to answer the following questions, citing the Fifth Amendment privilege against self-incrimination:

> Q: Within 12 hours of the incident, did you smoke methamphetamine?
>
> Q: Had you taken methamphetamine that day in the 12 or 24 hours before the contact with Largent?

The parties do not dispute that the discovery sought is relevant to defendants' defense in this action, and clearly it is. The parties also do not dispute that the privilege against self-incrimination was properly invoked in response to the specific questions asked, and clearly it was. The sole legal question for the court is whether plaintiff waived his Fifth Amendment objection to the deposition questions by not asserting the objection in response to special interrogatory no. 14 which sought the same information.[1]

Defendants cite Davis v. Fendler, 650 F.2d 1154 (1981), United States v. Black, 767 F.2d 1334 (9th Cir. 1985), United States v. Panza, 612 F.2d 432 (9th Cir. 1979), and Brown v. United States, 356 U.S. 148 (1958), in support of their argument that plaintiff waived the Fifth Amendment privilege by not asserting it in response to special interrogatory no. 14. In Brown, the Supreme Court upheld the district court's determination that "by her direct testimony she had opened herself up to cross-examination on the matters relevantly raised by that testimony," and thus waived any Fifth Amendment privilege. Brown, 356 U.S. at 157. Citing Brown, the Ninth Circuit in Panza and Black reached the same conclusion in cases involving criminal defendants who elected to take the stand and offered testimony. See Panza, 612 F.2d at 436-37; see also Black, 767 F.2d at 1341-42. In Davis, a civil action, the court determined that an objection based on the Fifth Amendment privilege asserted in untimely responses to interrogatories had been waived pursuant to Federal Rule of Civil Procedure 33. See Davis, 650 F.2d at 1160. Notably,

---

[1] As a practical matter, the court observes that plaintiff responded "No" to special interrogatory no. 14 and, based on this answer, that defendants already have plaintiff's answer to the questions asked at the deposition.

1 the court stated: "Clearly, the Fifth Amendment is not a self-executing mechanism [and]. . . can
2 be waived or lost by not asserting it in a timely fashion." Id. (citing Maness v. Meyers, 419 U.S.
3 449, 466 (1975)).

4       While plaintiff correctly observes that Davis is distinguishable from the current
5 case in several respects, the court nonetheless finds that it is controlling on the critical issue of
6 waiver. Specifically, like Davis, plaintiff waived the Fifth Amendment privilege by operation of
7 Federal Rule of Civil Procedure 33(b)(4), which provides: "Any ground not stated in a timely
8 objection is waived. . . ." Whether the waiver results from failing to assert the objection at all –
9 as is the case here – or failing to assert the objection in a timely manner – as was the case in
10 Davis – is irrelevant. As the court noted in Davis, and as codified in Rule 33, the privilege
11 against self-incrimination can be waived by not asserting it in response to an interrogatory. In the
12 context of the facts of this case, for plaintiff to have preserved his Fifth Amendment privilege in
13 response to special interrogatory no. 14, he was required to both assert the objection and done so
14 in a timely manner. Here, plaintiff failed to assert the objection and, for this reason, it was
15 waived and plaintiff should be required to answer the deposition questions identified above.[2]
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /

---

25    [2] While the court finds that plaintiff should appear at a further deposition to answer
26 the questions concerning drug use prior to the incident, it is unclear why defendants believe
plaintiff will answer any differently than he did in response to special interrogatory no. 14.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel (Doc. 22) is granted; and

2. Within such time as may be permitted by the District Judge, plaintiff shall appear for a further deposition to answer the two questions originally asked at the June 26, 2015, deposition and identified in this order.[3]

DATED: October 8, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[3] Though the dispute arose on June 26, 2015, when plaintiff refused to answer questions at his deposition, defendants' motion to compel was not filed until August 19, 2015, and noticed for hearing on September 9, 2015. Also on August 19, 2015, the District Judge entered an order granting defendants' request to extend the non-expert discovery cut-off to September 14, 2015. Defendants thereby left only five days (between the scheduled hearing date, at which time the motion stood submitted, and the close of non-expert discovery) to both obtain a favorable order and provide notice to plaintiff for any further deposition ordered by the court. Assuming the court had ruled on the defendants' motion the day it became submitted, the court fails to see how defendants have allowed for sufficient time to provide plaintiff with reasonable notice of a further deposition. Further modification of the scheduling order is a matter which must be raised before the District Judge.